JUDGE JONES

09 CV 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-v-<br><br>MICHAEL CETTA, INC. d/b/a/ SPARKS STEAK HOUSE, INC.<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

RECEIVED
DEC 30 2009
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party, Jonatan Aksal, and a class of similarly situated male employees affected by such unlawful practices.

Defendant, Michael Cetta, Inc. d/b/a/ Sparks Steak House, Inc. ("Sparks") is a steakhouse restaurant located in New York, New York. As stated with greater particularity in paragraphs seven and eight, below, Defendant created a hostile and abusive work environment for Charging Party and a class of other similarly situated male employees at Defendant's establishment based on their sex (male). Defendant also retaliated against Charging Party in violation of Title VII by giving him inferior assignment and ultimately terminating Charging Party after he complained to management about the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a New York corporation doing business in the State of New York and in the City of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Jonatan Aksal filed a charge with the Commission alleging violations of Title VII by Defendant.

All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December of 2006, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e including subjecting Charging Party and a class of similarly situated male employees to sexual harassment by male managers and co-workers. These practices include, but are not limited to, the following:

a) Defendant repeatedly subjected Charging Party and other male employees to unwelcome physical harassment based on their sex. Specifically, the harassment includes, but is not limited to Sparks managers regularly grabbing or pinching male employees' buttocks and/or pushing their penises against employees' buttocks and attempting to grab the genital areas of male employees.

b) Defendant also subjected Charging Party and other male employees to unwelcome egregious and offensive verbal harassment based on their sex. Specifically, the harassment includes, but is not limited to, a male co-worker asking Charging Party whether Charging Party "liked it up the ass," "Can I come in your ass?" and "Would you like to fuck me?" A manager would also attempt to touch Charging Party's buttocks and penis and say, "Let me see how big it is."

8. Since at least March of 2007 Defendant also engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3, by retaliating against Charging Party who complained about and objected to the discriminatory treatment. Defendant's retaliation against Charging Party includes, but is not limited to:

a) Defendant gave Charging Party less desirable job assignments than employees who did not complain about the harassment. Defendant told Charging Party to "keep quiet" and threatened him with termination if he continued to complain.

b) Defendant also terminated Charging Party's employment when Charging Party inadvertently brought the wrong check to a table of customers at Defendant's restaurant, an error which normally would not have resulted in termination.

9. The effect of the practices complained of above has been to deprive Charging Party and a class of similarly situated male employees at Defendant's restaurant of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

10. The unlawful employment practices complained of above were intentional.

11. At all relevant times, Defendant has acted with malice or reckless indifference to the federally protected rights of Charging Party and a class of similarly situated male employees at Defendant's restaurant.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Sparks Steakhouse, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex or any other protected class under Title VII of the 1964 Civil Rights Act.

B. Grant a permanent injunction enjoining Defendant Sparks Steakhouse, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that retaliate against those individuals who oppose sex discrimination or sex harassment.

C. Order Defendant Sparks Steakhouse to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, regardless of sex, and which eradicate the effects of Defendant's past and present unlawful employment practices.

D. Order Defendant Sparks Steakhouse to make whole Jonatan Asksal and all other similarly situated individuals affected by the unlawful employment practices described above, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to reinstatement of Jonatan Aksal.

E. Order Defendant Sparks Steakhouse to make whole Jonatan Aksal and all other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs seven and eight above, in amounts to be determined at trial.

F. Order Defendant Sparks Steakhouse to make whole Jonatan Aksal and all other similarly situated individuals for past and future non-pecuniary losses including emotional pain and suffering, loss of enjoyment of life and humiliation in amounts to be determined at trial.

G. Order Defendant Sparks Steakhouse to provide Jonatan Aksal and all other similarly situated individuals punitive damages for its malicious and/or reckless conduct described in paragraphs seven and eight above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
December 30, 2009

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Elizabeth Grossman
Regional Attorney
elizabeth.grossman@eeoc.gov

Nora E. Curtin
Supervisory Trial Attorney
nora.curtin@eeoc.gov
NC-5223

Charles F. Coleman, Jr.
Trial Attorney
charles.coleman@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No.: 212-336-3747
Facsimile No.: 212-336-3623
charles.coleman@eeoc.gov