UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

JONATAN AKSAL,

                              Plaintiff-Intervenor,

                    - against -

MICHAEL CETTA, Inc. d/b/a
SPARKS STEAKHOUSE, INC.,

                              Defendant.
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/11

MEMORANDUM
OPINION AND ORDER

09 Civ. 10601 (BSJ) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court are two motions. In one, Plaintiff Equal Employment Opportunity Commission ("EEOC") seeks leave to amend the Complaint to include alleged sexual harassment beginning in October 2000 instead of the current start date, December 2006. (Decl. of Charles Coleman in Support of Mot. for Leave to Amend Compl., Ex. A at 4.) In the other motion, Plaintiff-Intervenor Jonatan Aksal seeks to quash a subpoena issued by Defendant to one of Aksal's former employers. For the reasons set forth below, EEOC's Motion to Amend the Complaint is **GRANTED** and Aksal's Motion to Quash Defendant's subpoena is **DENIED**.

## II. BACKGROUND

In 2007, Plaintiff-Intervenor Jonatan Aksal filed a charge with the EEOC alleging his former employer, Defendant Michael Cetta, Inc., had engaged in sexual harassment and retaliation against him. The EEOC found the allegations warranted investigation, and filed suit

in late 2009 alleging that Defendant had subjected Aksal and other similarly situated male employees to sexual harassment in violation of Title VII. (Pltf.'s Mem. of Law in Support of Mot. For Leave to Amend Compl. at 1.) On July 29, 2010, the EEOC filed its First Amended Complaint to include allegations that Defendant retaliated against employees who cooperated with the EEOC's investigation. In the present motion, the EEOC seeks to extend the start date of the class from December 2006 to October 2000. (Decl. of Charles Coleman in Support of Mot. for Leave to Amend Compl., Ex. A at 4.)

Defendant argues that the request is untimely and, if granted, would result in burdensome discovery obligations on the Defendant and undue delay in the litigation. (*Id* at 1.) Moreover, Defendant continues to seek discovery relevant to the Second Amended Complaint. It has issued a subpoena for personnel files from Rothmann's Steakhouse, one of Aksal's employers after his termination from Sparks' Steakhouse. Aksal seeks to quash the subpoena on the grounds that it seeks irrelevant information, is overbroad, and violates his privacy interests. (Pltf.-Intervenor's Mot. to Quash Def.'s Subpoena, 3-4.)

### III. DISCUSSION

**A. EEOC's Motion to Amend the Complaint**

Courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P 15(a)(2), in the absence of undue delay, bad faith, or undue prejudice. *Tokio Marine & Fire Ins. Co. V. Employers Ins. Of Wausau*, 786 F. 2d 101, 103 (2d Cir. 1986) Here, as a result of information learned during discovery and depositions, the EEOC asserts that it is appropriate that the class definition extend back to 2000. The EEOC maintains that this change will not result in a need for new discovery and states that it requires no additional discovery because of

the proposed amendment. Defendant asserts that the amendment would require substantial additional discovery, including the reopening of several depositions. The EEOC indicated that Defendant did not limit its questions to the time frame of the current class definition, but asked questions concerning events prior to 2006. The EEOC did not prevent or seek to limit inquiries about Defendant's workplace that predated the current class definition.

To the extent that Defendant posits a fear that it will be held liable for failing to supplement its discovery responses, this argument is without merit. First, it is not clear what information about discrimination going back to 2000 would have legitimately been withheld as not relevant to the class as currently defined. Second, Defendant will not be required to disclose materials withheld solely on the basis of the temporal scope of the class. If Defendant requires additional discovery based on the new class definition, it may identify the needed discovery and submit a request for time to complete it. Plaintiffs have indicated that they require no additional discovery.

Because the Court may "freely give leave" to amend under the Court's discretion, and because Defendant has not demonstrated undue delay, bad faith, or undue prejudice, the Motion to Amend the Complaint is **GRANTED**.

### B. Aksal's Motion to Quash Subpoena

Generally, a party lacks standing to challenge a subpoena served on a third party, except as to claims of privilege or a proprietary interest in the subpoenaed matter. *United States v. Nachamie*, 91 F. Supp. 2d 552 (S.D.N.Y. 2000). Here, Defendant issued a subpoena to Rothmann's Steakhouse, Plaintiff-Intervenor Aksal's former employer, for personnel records, including job performance reviews and resumes. Because neither the EEOC nor Aksal has

3

demonstrated a sufficient proprietary interest or applicable privilege to the materials sought by Defendant, the Court finds that they lack standing to challenge the subpoena. Moreover, even if they could show standing, Aksal's testimony concerning the reasons for his termination from Rothmann's makes the personnel records relevant. Plaintiffs have shown no reason why this relevant information should be quashed. The Motion to Quash the Subpoena is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff EEOC's Motion to Amend the Complaint to define the class as beginning in October 2000 is **GRANTED** and Plaintiff-Intervenor Aksal's Motion to Quash the Subpoena to Rothmann's Steakhouse is **DENIED**, subject to the discovery limitations set forth above.

**SO ORDERED this 27th day of October 2011**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

4