UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

            Plaintiff,

JONATAN AKSAL,

            Plaintiff-Intervenor

  -against-

MICHAEL CETTA, INC. d/b/a
SPARKS STEAKHOUSE

            Defendant.
----------------------------------------------------------------x

Civil No. 09-CV-10601 (BSJ)(RLE)

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Jonatan Aksal and a class of other similarly situated male waiters affected by such unlawful practices.

Defendant, Michael Cetta, Inc. d/b/a/ Sparks Steak House, Inc. is a steakhouse restaurant located in New York, New York. As stated with greater particularity in paragraph seven and eight, below, Defendant created a hostile and abusive work environment for Charging Party and a class of other similarly situated male employees at Defendant's establishment based on their sex (male). Defendant also retaliated against Charging Party and a class of other similarly situated male waiters in violation of Title VII by disciplining or terminating them for complaining about or objecting to the harassment, and by disciplining or terminating them for participating in an EEOC investigation of litigation of this lawsuit.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.	Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant has continuously been a New York corporation doing business in the State of New York and in the City of New York, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Charging Party Jonatan Aksal filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.	Since at least October 2000, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e including subjecting

Charging Party and a class of other similarly situated male waiters to sexual harassment by male managers and co-workers. These practices include, but are not limited to, the following:

    a) Defendant repeatedly subjected Charging Party and other male employees to unwelcome physical harassment based on their sex. Specifically, the harassment includes, but is not limited to Sparks managers regularly grabbing or pinching male employees' buttocks and/or pushing their penises against employees' buttocks and attempting to grab the genital areas of male employees.

    b) Defendant also subjected Charging Party and other male employees to unwelcome egregious and offensive verbal harassment based on their sex. Specifically, the harassment includes, but is not limited to, a male co-worker asking Charging Party whether Charging Party "liked it up the ass," "Can I come in your ass?" and "Would you like to fuck me?" A manager would also attempt to touch waiters' genital area and say, "Let me see how big it is."

8. Since at least March of 2007 Defendant also engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3, by retaliating against Charging Party and a class of other similarly situated male waiters who complained about and/or objected to the discriminatory treatment or participated in EEOC's investigation or lawsuit. Defendant's retaliatory practices include, but are not limited to:

    a) Defendant gave Charging Party and a class of other similarly situated male waiters less desirable job assignments than employees who did not complain about the harassment. Defendant threatened Charging Party and other similarly situated male waiters with termination if they continued to complain.

   b) Defendant subjected Charging Party and other similarly situated male waiters who complained about the harassment to different levels of discipline as compared to waiters who did not complain about the harassment. This includes, but is not limited to, suspension and termination.

   c) Defendant subjected other similarly situated male waiters who participated in EEOC's investigation or litigation of this lawsuit to different levels of discipline as compared to waiters who did not participate in EEOC's investigation or litigation of this case. This includes, but is not limited to, suspension and termination.

  9. The effect of the practices complained of above has been to deprive Charging Party and a class of other similarly situated male waiters at Defendant's restaurant of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

  10. The unlawful employment practices complained of above were intentional.

  11. At all relevant times, Defendant has acted with malice or reckless indifference to the federally protected rights of Charging Party and a class of other similarly situated male waiters at Defendant's restaurant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex or any other protected class under Title VII of the 1964 Civil Rights Act.

B.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that retaliate against those individuals who oppose sex discrimination or sex harassment.

C.      Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of sex, and which eradicate the effects of Defendant's past and present unlawful employment practices;

D.      Order Defendant to make whole Jonatan Asksal and all other similarly situated male waiters affected by the unlawful employment practices described above, by providing appropriate back pay with prejudgment interest, compensation for past and future pecuniary losses in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to reinstatement of Jonatan Aksal, Eugenio Bonateau, Bislim Ahmetaj, and other male waiters terminated in retaliation for engaging in a protected activity;

E.      Order Defendant to make whole Jonatan Aksal and all other similarly situated male waiters affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs seven and eight above including non-pecuniary losses, pain, suffering and humiliation, in amounts to be determined at trial;

F.      Order Defendant Sparks Steakhouse to provide Jonatan Aksal and all other similarly situated male waiters punitive damages for its malicious and/or reckless conduct described in paragraphs seven and eight above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
October 28, 2011

Respectfully submitted,

David Lopez
EEOC General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

*/s/ Elizabeth Grossman / ROR*
Elizabeth Grossman
Regional Attorney

*/s/ Robert D. Rose*
Robert Rose
Supervisory Trial Attorney

*/s/ Charles F. Coleman / ATS*
Charles F. Coleman, Jr.
Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No.: 212-336-3706
Facsimile No.: 212-336-3623
Email Address: charles.coleman@eeoc.gov