UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __11/15/2012__ (d)
```

---------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY      :
COMMISSION,                       :
                                  :
            Plaintiff,            :
                                  :
JONATAN AKSAL,                    :
                                  :
            Plaintiff-Intervenor  :     Civil No. 09-CV-10601 (BSJ)(RLE)
                                  :
      -against-                   :
                                  :
MICHAEL CETTA, INC. d/b/a         :
SPARKS STEAKHOUSE                 :
                                  :
                                  :
            Defendant.            :
---------------------------------------------------------------x

## CONSENT DECREE

Plaintiff EEOC, Plaintiff-Intervenor Jonatan Aksal, and Defendant Michael Cetta Inc.
d/b/a Sparks Steakhouse ("Sparks" or "Defendant") have agreed to resolve this action by the
terms of this Consent Decree (the "Decree").

EEOC filed this action on December 30, 2009, under Title VII of the Civil Rights Act of
1964 ("Title VII") and Title I of the Civil Rights Act of 1991. EEOC alleges that Defendant
subjected Charging Party Jonatan Aksal, a waiter formerly employed at Sparks for five and one
half months between October 2006 and March 2007, and certain other male waitstaff
(collectively, the "Claimants") to sexual harassment, principally based upon the conduct of a
Sparks floor maitre'd, Abdou Elshabeiny.  Specifically, EEOC alleges that Defendant allowed
Elshabeiny to create a sexually hostile and abusive work environment for male waiters, including
by physically harassing them and making offensive sexual remarks.  EEOC alleges that

Defendant retaliated against Plaintiff-Intervenor Askal by giving him a more difficult assignment after he complained and terminating him for a common mistake, and that it similarly retaliated against three other employees.

Sparks has consistently denied both the allegations and claims contained in the EEOC's pleadings as well as the pleadings filed by Plaintiff-Intervenor Aksal, and this Consent Decree is not an admission of liability or wrongdoing.

After a period of extensive discovery and to avoid the uncertainties and costs of litigation, the parties desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between EEOC, Plaintiff-Intervenor, and Defendant and its purchasers, successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate. This Decree shall not constitute an adjudication and/or finding on the merits of the case

Defendant will provide notice and a copy of the Decree to any purchasers, successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which it may consolidate. Defendant will provide notice to EEOC at least 21 days before it is purchased, acquired by, merges or consolidates with any other entity.

EEOC, Plaintiff-Intervenor, and Defendant agree that the Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met. Defendant will not contest the validity of the Decree or the jurisdiction of the Court to enforce the Decree and its terms.

The terms of the Decree represent the full and complete agreement of the parties. The parties agree that the Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. This Decree fully and completely resolves all issues,

claims and allegations by the EEOC against Sparks that are raised in the Complaint filed in this

action in the United States District Court for the Southern District of New York on December 30,

2009 captioned <u>Equal Employment Opportunity Commission v. Michael Cetta, Inc. d/b/a/ Sparks</u>

<u>Steakhouse, Inc.</u>, and the complaint filed by Plaintiff-Intervenor Jonatan Aksal on February 10,

2010, and EEOC Charge Numbers 520-2007-02655 and 520-2010-02409.  The Decree does not

resolve any other charges of discrimination currently pending before EEOC, if any, or any

charge that may be filed in the future against Defendant. EEOC reserves all rights to proceed

regarding matters not covered in this Decree.

Nothing in this Decree shall be construed to preclude any party from bringing suit to

enforce this Decree in the event that any party hereto fails to perform the promises and

representations contained herein.

Nothing in this Decree shall be construed to limit or reduce Sparks's obligation to comply

fully with Title VII or any other federal employment statute.

This Decree in no way affects the EEOC's right to bring, process, investigate or litigate

any other charges that may be in existence or may later arise against Sparks in accordance with

standard EEOC procedures.

## TERMS AND PROVISIONS

In consideration of the mutual promises of each party to the Decree, the sufficiency of

which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED AND

DECREED AS FOLLOWS:

### A.    INJUNCTION AGAINST HARASSMENT, DISCRIMINATION AND RETALIATION

1.    Defendant, its owners, managers, supervisors and employees are enjoined

from harassing or discriminating against any individual because of the individual's sex.

3

2.      Defendant, its owners, shareholders, officers, managers, supervisors and employees are enjoined from retaliating against any individual for asserting his or her rights under Title VII or otherwise engaging in protected activity, and is further enjoined from retaliating against any individual who has complained of discrimination, opposed discrimination, filed a charge of discrimination, or given testimony or assistance concerning a complaint of discrimination.

**B.      POSTING REQUIREMENTS**

3.      Within 7 days of the entry of the Decree, Defendant will conspicuously post and maintain a "Notice of Resolution" attached as <u>Exhibit A,</u> where employee notices are posted at Defendant's facility. Defendant will confirm in writing to EEOC within 7 days of the entry of the Decree that the Notice has been posted by the deadline, specify where it has been posted, and provide a photograph of the Notice in its current location.

4.      Within 7 days of the entry of the Consent Decree, Defendant will display the EEOC poster, as required by federal law, outlining all applicable EEO-laws, in its offices in all places where employee notices are posted.

**C.      EQUAL EMPLOYMENT OPPORTUNITY COMPLAINT HOTLINE**

5.      Within 28 days of the entry of the Decree, Defendant will establish and maintain a 24 hour toll-free telephone number, which employees may call to report suspected discrimination, harassment or retaliation. The hotline will be staffed by Specialty Answering Services, Inc. at Defendant's expense.  Defendant must ensure that applicable personnel at Specialty Answering Services, Inc. handling calls to the hotline receive one hour of training regarding the receiving and recording of complaints, the purpose of the hotline under this Decree and the basics of discrimination law.  Defendant will certify in writing to EEOC within 28 days

4

of the entry of this Decree that such training has been successfully completed.  Personnel at Specialty Answering Services, Inc. will record all complaints in a complaint log, including the time of the complaint, the name of the complainant, and a detailed description of the complaint. Speciality Answering Services, Inc. will notify Defendant of complaints within 24 hours of receiving them.  The complaint log will be supplemented by Defendant to include any and all actions taken by Defendant in response to such complaints.  This log shall be subject to inspection by the EEOC upon prior notice to Defendant.

6.      Within 28 days of the entry of the Decree, Defendant will provide each employee with a 3" x 2" laminated wallet card containing the toll-free phone number for making discrimination complaints. A wallet card will be provided to each new employee within 7 days of hire. The content of the card is attached as Exhibit B. Within 6 months of entry of the Decree, and every 6 months thereafter, Defendant will provide EEOC a list of employees hired during the period and confirmation that those employees have received the wallet card.  Defendants must re-distribute copies of the wallet card to all employees 10 months after the entry of the Decree and again 31 months after the entry of the Decree.  Defendants must inform EEOC in writing that the wallet cards have been redistributed within 7 days after doing so.

D.      **ANTI-HARASSMENT, ANTI-DISCRIMINATION, ANTI-RETALIATION, AND DISCIPLINE POLICIES**

7.      Within 3 days of entry of the Decree, Defendant will adopt the attached Policy Against Harassment and Discrimination (the "Policy") prohibiting all forms of unlawful employment discrimination, harassment and retaliation. Defendant's Policy is attached as Exhibit C.

8.      Within 14 days of the entry of the Decree, Defendant will issue the Policy to all employees. Within 28 days of the entry of the Decree, Defendant will confirm in writing to

5

EEOC that the Policy was distributed to all of its employees. Defendant will provide all new employees with copies of the Policy within 3 days of hire and keep written records of this distribution. Within 6 months of entry of the Decree, and every 6 months thereafter, Defendant will provide EEOC with a list of employees hired during the period and confirmation that those employees have received the Policy.   Defendants must re-distribute copies of the Policy to all employees 10 months after the entry of the Decree and again 31 months after the entry of the Decree.  Defendants must inform EEOC in writing that the Policy has been redistributed within 7 days after doing so.

### E.     DEFENDANT'S LETTER TO EMPLOYEES EXPRESSING ITS COMMITMENT TO COMPLY WITH FEDERAL ANTI-DISCRIMINATION LAWS

9.     Within 7 days of entry of the Decree, Defendant will distribute to all employees a letter from Defendant's owners, a copy of which is attached as Exhibit D, emphasizing Defendant's commitment to abide by all federal laws prohibiting employment discrimination, including laws prohibiting sexual harassment and retaliation. The letter will also identify the number to be used to report suspected incidents of discrimination, including sexual harassment or retaliation. Defendant will also distribute a copy of the Policy along with the letter.

### F.     FINAL WARNINGS AND REMEDIAL TRAINING TO ABDOU ELSHABEINY AND SKENDER CUNGU

10.     Defendant agrees that it will terminate the employment of Abdou Elshabeiny if it receives any future substantiated complaints of sexual harassment, discrimination, or retaliation against him from any employee. Within 7 days of the entry of the Decree, Defendant will provide Abdou Elshabeiny with a final written warning that it will terminate his employment if it receives any future substantiated complaints of sexual harassment,

6

discrimination, or retaliation against him from any employee, and will place a copy of the warning in his employment file. The warning will be signed by Michael Cetta and Abdou Elshabeiny. A copy of the final written warning is attached as <u>Exhibit E</u>.

       11.    Defendant agrees that within 7 days of the entry of the Decree, Defendant will provide Skender Cungu with a written warning regarding sexual harassment, and will place a copy of the warning in his employment file. The warning will be signed by Michael Cetta and Skender Cungu. Defendant agrees that it will suspend Skender Cungu for two weeks, or terminate his employment, if it receives any future substantiated complaints of sexual harassment, discrimination or retaliation against him from any employee.  A copy of the written warning is attached as <u>Exhibit F</u>.

       12.    Within 60 days of the entry of the Decree and then again 21 months after the entry of the Decree, Defendant will provide 6 hours of one-on-one remedial anti-discrimination, anti-harassment and anti-retaliation training by to Abdou Elshabeiny, to be conducted by Business Training Works, Inc. The training will address prohibited activity under Title VII, Defendant's legal obligations under Title VII, Defendant's obligations under the Decree and Defendant's liability including contempt of court if the Decree is violated.

       13.    Within 60 days of the entry of the Decree, Defendant will provide 2 hours of one-on-one remedial anti-discrimination, anti-harassment and anti-retaliation training to Skender Cungu, to be conducted by Business Training Works, Inc. The training will address prohibited activity under Title VII, Defendant's legal obligations under Title VII, Defendant's obligations under the Decree and Defendant's liability including contempt of court if the Decree is violated.

    **G.    ANTI-DISCRIMINATION AND ANTI-RETALIATION TRAINING FOR OWNERS, MANAGERS, AND SUPERVISORY EMPLOYEES**

14.     Within 60 days of the entry of the Decree and then again 21 months after the entry of the Decree, Defendant will provide 2 hours of equal employment opportunity, anti-discrimination, and anti-retaliation training by an outside independent contractor, to all managers and supervisors.  The training will be conducted by Business Training Works, Inc.

15.     The training will instruct owners, managers and supervisors that they have a legal obligation to take appropriate steps to prevent discrimination, harassment and retaliation and to take prompt remedial measures if it occurs. The training will address the Policy including methods for reporting and investigating incidents of suspected discrimination, harassment and retaliation. The training will stress that owners, managers and supervisors must set the tone for enforcement of Defendant's Policy and that they must not engage in discrimination, harassment or retaliation. The training will identify the telephone number that can be used to report suspected incidents of discrimination, harassment or retaliation.

16.     The training will stress that retaliation against individuals who engage in protected activity under Title VII will not be tolerated, and that individuals who engage in discrimination, harassment or retaliation will be disciplined, and that such discipline may include suspension without pay or termination. The training will also address Defendant's obligations under the Decree and Defendant's liability including contempt of court if the Decree is violated. Defendant will train all new managerial and supervisory employees within 7 days of the date the employees assume managerial or supervisory responsibilities.

## H.     ANTI-DISCRIMINATION AND ANTI-RETILIATION TRAINING FOR NON-SUPERVISORY EMPLOYEES

17.     Within 60 days of the entry of the Decree and then again 21 months after the entry of the Decree, Defendant will provide 2 hours of equal employment opportunity and

anti-discrimination training for all non-supervisory employees.  The training will be conducted by Business Training Works, Inc. The training will address federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting sex discrimination, sexual harassment and retaliation.  The training must address Defendant's Policy including methods for reporting incidents of suspected discrimination, harassment and retaliation. The training will identify the telephone number that can be used to report suspected incidents of discrimination, harassment or retaliation. Defendant will train all new employees within 14 days of their date of hire.

     I.     **MONITORING AND REPORTING**

     18.     Within 7 days of each training session, Defendant will provide EEOC with an attendance sheet containing the date of the training, the printed names of those in attendance and their signatures. Written confirmation of annual training must be provided to EEOC within 7 days of the training.

     19.     Within 6 months of entry of the Decree, and every 6 months thereafter, Defendant will provide a written status report to EEOC with information regarding all verbal or written complaints of discrimination from employees or applicants received during the preceding 6 months. The report will include the name of the complainant, the name of the alleged harasser or discriminator, a summary of the complaint, a list of steps taken by Defendant during the investigation, the results of the investigation, and any remedial action taken by Defendant. If there are no complaints during the preceding 6 month period, Defendant will provide that information in writing to EEOC.

     20.     EEOC may monitor compliance during the duration of the Decree by unannounced inspection of Defendant's premises, records, and interviews with employees at

9

reasonable times.

21.     Defendant will send all required written reports by email to:

charles.coleman@eeoc.gov and decreemonitor.nydo@eeoc.gov

**J.     MONETARY RELIEF**

22.     Within 7 days of the entry of the Decree, Defendant will pay a total of

$600,000 to resolve this matter, as specified by EEOC in Exhibit G (to be filed under seal).

23.     Defendant will make appropriate withholdings from any back pay portion

for any applicable federal, state, or local income tax. Defendant will make any applicable

employer contribution for Social Security taxes pursuant to the Federal Insurance Contribution

Act. Within 3 days of the entry of the Decree Defendant will issue to Claimants and Aksal

appropriate tax forms, including IRS Form W-2 for back pay and IRS Form 1099s for

compensatory damages and send copies of all payments and tax forms to EEOC.

**K.     DURATION OF DECREE AND RETENTION OF JURISDICTION**

24.     The Decree will remain in effect for 42 months from the date of entry.

This case may be administratively closed, but will not be dismissed. The Court retains

jurisdiction to enforce the Decree throughout its 42 month duration. The Decree will expire by its

own terms at the end of that period, without further action required by the parties or the Court,

unless the duration of this Decree has been extended.  Defendant's obligations under this Decree

will cease upon its expiration.

**L.     DISPUTE RESOLUTION**

25.     In the event that any party to this Decree believes that another party has

failed to comply with any provision(s) of the Decree, the complaining party shall notify the other

party of the alleged non-compliance and shall afford the alleged non-complying party ten (10)

10

business days to remedy the non-compliance or to satisfy the complaining party that the alleged

non-complying party has complied. If the alleged non-complying party has not remedied the

alleged non-compliance or satisfied the complaining party that it has complied within ten (10)

business days, the complaining party may apply to the Court for appropriate relief. This

paragraph will not apply if EEOC determines that compliance with the above will negatively

impact the public interest.


**SO ORDERED, ADJUDGED, AND DECREED,**

**DATE:** _11-14-12_

**HON. Barbara S. Jones**
**United States District Judge**

**FOR PLAINTIFF EEOC**

Dated: _11-14-12_

Elizabeth Grossman, Regional Attorney

Robert D. Rose, Supervisory Trial Attorney

Charles F. Coleman Jr., Trial Attorney
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No. 212.336.3699
Facsimile No. 212.336.3623
Email Address:charles.coleman@eeoc.gov

**FOR PLAINTIFF-INTERVENOR**
**JONATHAN AKSAL**

Dated: _11-14-12_

By: Ismail Sekendiz
30 Broad St., 35th Floor
New York, NY 10004

11

Telephone No. 212.587.0760 ext: 14
Facsimile No. 212.587.4169

**FOR DEFENDANT MICHAEL CETTA INC.
d/b/a SPARKS STEAKHOUSE**

Dated: November 13, 2012

By: Allan N. Taffet
Duval & Stachenfeld, LLP
101 Park Ave. 11th Floor
New York, New York 10178
Telephone No. 212.692.5523
Facsimile No. 212.883.1700
Email Address: ataffet@dsllp.com

Michael Cetta
MICHAEL CETTA INC.
d/b/a SPARKS STEAKHOUSE

12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11/15/2012

EXHiBit

" A "



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3721
General FAX: (212) 336-3625

Charles F. Coleman, Jr.
Trial Attorney
Phone (212) 336-3699
Fax (212) 336-3623
charles.coleman@eeoc.gov

## NOTICE TO ALL EMPLOYEES OF SPARKS STEAKHOUSE

This notice is posted pursuant to a Consent Decree entered into by Michael Cetta Inc., d/b/a Sparks Steakhouse and the U.S. Equal Employment Opportunity Commission, in resolution of Case No. 09-CV-10601 filed by EEOC in the United States District Court for the Southern District of New York.

Federal law prohibits employers from discriminating against applicants and employees based on national origin, religion, race, color, sex, age, disability or genetic information. Federal law also prohibits employers from retaliating against applicants or employees who complain about or oppose discrimination or participates in any way in the processing of a complaint.

The basic terms of the Consent Decree require that Sparks:

1.   Is enjoined from harassing or discriminating against individual because of his or her sex and from retaliating against any person who exercises his or her rights under federal anti-discrimination laws;

2.   Post this Notice to inform employees about the resolution of the lawsuit.

3.   Establish and maintain a 24 hour toll-free telephone number to  report suspected discrimination, harassment or retaliation;

4.   Provide each employee with a 3" x 2" laminated wallet card containing the toll-free phone number for making discrimination complaints;

5.   Adopt, implement, and maintain written policies prohibiting sexual harassment and retaliation, procedures for receiving and investigating complaints of sexual harassment or retaliation, and procedures for disciplining managers, supervisors or employees who violate the policies;

6.   Distribute a copy of the written policies and procedures prohibiting employment discrimination to all current and future employees;

7.   Send a Letter to all employees expressing its commitment to comply with Federal Anti-Discrimination Laws;

8.  Provide a Final Warning to Abdou Elshabeiny and a written warning Skender Cungu, alerting them to the consequences of engaging in additional substantiated acts of discrimination or retaliation;

9.  Provide one-on-one remedial training to Abdou Elshabeiny and Skender Cungu on federal laws prohibiting employment discrimination, harassment and retaliation;

10. Provide training to all current and future employees, managers, and supervisors on federal laws prohibiting employment discrimination, harassment and retaliation;

11. Pay $600,000 in damages to be distributed among the Claimants in the lawsuit.

If you have any complaints of discrimination, you may report it through this toll-free number: _____ or, you may contact:

> U.S. Equal Employment Opportunity Commission
> 1-800-669-4000
> Website: www.eeoc.gov

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE
This notice must remain posted for 42 months from date of posting, until _____

**EXHIBIT B**

## TEXT OF LAMINATED WALLET CARD

Sparks has established a 24 hour toll-free telephone line through which employees may report instances of harassment, discrimination, or retaliation by dialing _____.
Complaints made through this hotline will be kept confidential and private.

**EXHIBIT C**

## MICHAEL CETTA INC.'S ANTI-HARASSMENT, ANTI-DISCRIMINATION AND ANTI-RETALIATION POLICY

### POLICY AGAINST HARASSMENT AND DISCRIMINATION

2.1    **Policy.**

The Restaurant is proud of our multi-cultural origin and the environment that it fosters. Accordingly, we are firmly committed to providing an environment free from unlawful discrimination and harassment. Therefore, it is the policy of the Restaurant that no employee shall be subjected to any form of harassment, discrimination, or retaliation by any other employee, supervisor, guest, vendor, or other visitor to our workplace. This includes harassment, discrimination, or retaliation on the basis of sex, race, color, ancestry, national origin, sexual orientation, sexual identity, marital or veteran status, religion, physical condition or disability, mental condition, genetic information, age or any other characteristic protected by law.

The Restaurant can not and will not permit any form of conduct, verbal, physical, written, oral or visual, which violates the rights of other employees to work in a harassment-free and discrimination-free environment. The conduct described in this policy is not only strictly prohibited by the Restaurant, but harassment or discrimination in employment because of sex, race, color, ancestry, national origin, sexual orientation, sexual identity, marital or veteran status, religion, physical condition or disability, mental condition, genetic information, or age is PROHIBITED BY STATE, LOCAL AND FEDERAL LAW as well.

The Restaurant does not tolerate any form of harassment, discrimination, or retaliation, even when it does not rise to the level of a violation of law. This policy applies to any employee, supervisor, manager, co-worker, professional, customer, contractor, vendor, client, or any non-employee who conducts business with the Restaurant. Employees who violate this policy may be subject to discipline up to and including termination.

2.2    **Purpose.**

This formal policy against harassment and discrimination is formulated to protect our employees against any form of conduct which a reasonable person would neither welcome nor expect, taking into account the sensitivities of the employee, with respect to sex, race, color, ancestry, national origin, sexual orientation, sexual identity, marital or veteran status, religion, physical condition or disability, mental condition, genetic information, age or other characteristic protected by law. As to the prohibition against sexual harassment, this policy is formulated to protect all employees, both male and female, against unsolicited and unwelcome sexual overtures and conduct, whether physical, verbal, written, oral or visual in nature.

16

2.3    **Definitions.**

Sexual harassment encompasses the following:

☐ Any demand or subtle pressure for sexual favors that is accompanied by a promise or suggestion of favorable job treatment or threat against an employee's employment status; and/or

☐ Any behavior that is offensive to a reasonable person, including, without limitation, repeated sexual flirtations or propositions, comments or jokes of a sexual nature, suggestive gestures, leering, sexually degrading words, verbal or written comments about a person's body or other suggestive comments, the display of sexually suggestive objects or pictures, and uninvited physical contact or touching; and/or

☐ Retaliation based on rejection, in whole or in part, of sexual advances or for complaining about sexual harassment in the workplace.

The above activities are expressly prohibited as between any and all Restaurant employees, regardless of the gender or sexual orientation of those involved.

Other forms of harassment include creation of a hostile work environment due to an employee's race, color, national origin, sexual orientation, sexual identity, ancestry, marital or veteran status, religion, physical condition or disability, mental condition, genetic information, or age, or retaliation for reporting any such form of harassment. Unlawful discrimination may be based on race, color, national origin, sexual orientation, sexual identity, ancestry, marital or veteran status, religion, physical condition or handicap, mental condition, or age, whether or not it involves harassment, and any form of retaliation for reporting discrimination on any such basis.

2.4    **Reporting of Violation.**

Any employee who believes he or she is a victim of a form of unlawful harassment, discrimination, or retaliation is to report the matter to his or her supervisor, the General Manager, the Restaurantor, or any other supervisory person as soon as possible after an incident occurs. The employee is not required to report through any particular chain of command, and certainly is not required to report or discuss the matter with any supervisor engaging in improper conduct. The Restaurant shall promptly and thoroughly investigate all claims of unlawful harassment, discrimination, or retaliation. The confidentiality and privacy of employees will be respected during the investigation, with efforts made to avoid any unwarranted publicity or invasions of privacy.

Early reporting and intervention have proven to be the most effective method of resolving actual or perceived incidents of harassment. Therefore, while no fixed reporting period has been established, the Restaurant strongly urges that any complaints or concerns be promptly reported so that rapid and constructive action may be taken.

2.5    **Retaliation.**

The Restaurant strictly forbids retaliation against any employee who engages in any activity protected under Title VII, including: reporting or filing a charge of discrimination or harassment; opposing acts of discrimination or harassment; testifying about alleged discrimination or harassment; assisting or participating in any way in investigation or enforcement proceedings; and participating in litigation alleging discrimination. . "Retaliation" can occur if any adverse employment action is taken against an employee because the employee made a complaint of harassment or participated in the Restaurant's investigation of a complaint. Such conduct will itself give rise to appropriate corrective action which typically results in termination. Examples of strictly prohibited retaliatory action include but are not limited to:

☐ Disciplining, changing work assignments of, refusing to cooperate or discussing work-related matters with any employee because that employee has complained about or resisted harassment or retaliation; and

☐ Intentionally pressuring, falsely denying, lying about, or otherwise covering up or attempting to cover up conduct such as that described in any item above.

2.6    **Disciplinary Action.**

Depending on the results of the investigation of a claim of unlawful harassment, discrimination, or retaliation, disciplinary action up to and including termination will be taken against any employee the Restaurant believes, in its sole discretion, to have violated this policy against unlawful harassment, discrimination, or retaliation.

2.7    **Equal Employment Opportunity.**

The Restaurant believes that all employees are entitled to equal employment opportunity, and that the success of the Restaurant is primarily dependent on you, our employees. We do not discriminate against employees or applicants for employment because of race, age, ancestry, creed, color, religion, gender, sexual-orientation, gender identity, marital status, national origin, handicap, physical or mental disability, veteran's and/or military status, or any other characteristic protected under applicable federal, state and local law. This policy applies to all employment practices of the Restaurant including, but not limited to, recruiting, hiring (or failure to hire), placement, promotions, transfers, training, compensation, fringe benefits, demotions, layoffs and harassment, sexual or otherwise, in the workplace.

Similarly, the Restaurant believes that all guests are equally entitled to a courteous, prompt and enjoyable dining experience. As such, the Restaurant does not in any way discriminate, nor permit its employees or others to in any way discriminate, against patrons based upon legally protected characteristics.

18

In support of this policy, the Restaurant will not permit the use of racial, religious, age-related, sexual or ethnic epithets, innuendoes, slurs or jokes. Accordingly, epithets, innuendoes, slurs or jokes related to membership in any of the above listed categories are prohibited, even though that conduct may not itself be unlawful. All employees shall conduct themselves in a professional manner and shall refrain from sexual advances, verbal or physical conduct of a sexual nature, or requests for sexual favors.

Any employee who violates this policy and our commitment to equal employment opportunity shall be subject to discipline up to and including an unpaid suspension or termination of employment.

Any claim of discrimination or harassment should be reported to your manager, the General Manager, the Restaurantor or any other supervisory person.

## 2.8   Americans With Disabilities Act

The Restaurant's policy and practice is to comply with the Americans with Disabilities Act and ensure equal employment opportunity for all qualified persons with disabilities.

"Disability" includes a physical or mental impairment that substantially limits one or more life activities, a record of such impairment, or being regarded as having such an impairment.

The company is committed to ensuring non-discrimination in all terms, conditions and privileges of employment. Reasonable accommodation is available to all employees and applicants as long as the accommodation doesn't cause undue hardship on the company. Individuals should contact their supervisor, or manager concerning an accommodation if one is needed.

The Restaurant strictly forbids any retaliation, as defined in Section 2.5, against any employee who makes a request for a reasonable accommodation.

## 2.9   Fraternization.

Employees at the Restaurant are expected to treat each other with respect and in a professional manner at all times. Consenting romantic, intimate, sexual or dating relationships between a person in a direct or indirect supervisory role and a supervisee in the workplace, or among peers/colleagues in the same department or workspace may at some point lead to unforeseen disruption, complications and significant difficulties for all concerned. Relationships of this nature are, therefore, contrary to the best interests of the Restaurant and may create actual or potential conflicts of interest, the appearance of a conflict, exhibit favoritism or create animosity among employees. Accordingly, individuals involved in such relationships must disclose the relationship to the Restaurant Administrator immediately. Such disclosure is required even if the individuals involved are uncertain whether a supervisory relationship or conflict exists.

19

The Restaurant recognizes the imprecision of and the variety of meanings that can be given to the terms "romantic" and "intimate". We hope that the parties to such a relationship will appreciate the meaning of the term as it applies to them and as it relates to this policy. If doubt exists, the parties should disclose the relationship as set forth above to enable the Restaurant to determine what, if any, steps are appropriate.

## EXHIBIT D

### *ON SPARKS STEAKHOUSE LETTERHEAD*

### LETTER TO EMPLOYEES EXPRESSING DEFENDANT'S COMMITMENT TO COMPLY WITH FEDERAL ANTI-DISCRIMINATION LAWS

Date
Addressee
Address

Dear _____,

We are writing you in connection with the resolution of the United States Equal Employment Opportunity Commission's sexual harassment lawsuit against Michael Cetta Inc., d/b/a Sparks Steakhouse. The conduct alleged in the lawsuit is not consistent with the values of our business. We are genuinely committed to making sure that no such alleged behavior ever occurs at Sparks and to abiding by all federal laws prohibiting employment discrimination, including laws prohibiting sexual harassment and retaliation.

We also want to reinforce that there is no place for such alleged conduct at Sparks Steakhouse or from anyone employed by Michael Cetta Inc. We are confident that this message has now been thoroughly communicated to all Sparks Steakhouse supervisors.

A copy of Sparks' policy prohibiting discrimination and harassment is attached. Also, please be advised that a toll free number has been established in connection with the resolution of this lawsuit for making discrimination complaints. You may call the following number to make a complaint of discrimination or harassment: _____.

Sincerely,

Michael Cetta

_____
Steven Cetta

21

**EXHIBIT E**

### *ON SPARKS STEAKHOUSE LETTERHEAD*
### FINAL WARNING TO ABDOU ELSHABEINY

I, Abdou Elshabeiny, understand that employees at Sparks Steakhouse have alleged that I sexually harassed them and/or retaliated against them for voicing objections to sexual harassment. I acknowledge that the behavior they complained of was the principal basis of the US Equal Employment Opportunity's lawsuit against Michael Cetta Inc. d/b/a Sparks Steakhouse in the Southern District for the State of New York, Case No. 09-CIV-10601.

I acknowledge receipt of Sparks's revised anti-discrimination, anti-harassment, and anti-retaliation policy. I have read and understand the entire policy.

I am aware that the case has been resolved by Consent Decree and I agree to the following:

    1.    I will not harass or discriminate against any individual because of his or her sex or and will not retaliate against any person who exercises his or her rights under federal anti-discrimination laws;

    2.    I will attend 6 hours of one-on-one remedial anti-harassment, anti-discrimination and anti-retaliation training to be provided by an independent contractor;

    3.    I will abide by the revised anti-discrimination, anti-harassent, and anti-retaliation policies of Sparks Steakhouse, which I have read in their entirety and fully understand.

I understand that this constitutes a final warning regarding complaints of sexual harassment, discrimination, and retaliation. I further acknowledge that Sparks Steakhouse maintains a workplace free from harassment, discrimination, and retaliation based on race, sex, religion, age, national origin, color, or disability, and that any additional substantiated complaint(s) from Sparks employees against me involving any violation of Sparks anti-harassment, anti-discrimination, or anti-retaliation policies will result in my termination from Sparks Steakhouse.

Signed,


_____
Abdou Elshabeiny                 Date


_____                    _____
Michael Cetta                    Date               Steven Cetta              Date

22

## EXHIBIT F

### *ON SPARKS STEAKHOUSE LETTERHEAD*
### WRITTEN WARNING TO SKENDER CUNGU

I, Skender Cungu, understand that employees at Sparks Steakhouse have alleged that I sexually harassed them and/or retaliated against them for voicing objections to sexual harassment. I acknowledge that the behavior they complained of was part of the US Equal Employment Opportunity's lawsuit against Michael Cetta Inc. d/b/a Sparks Steakhouse in the Southern District for the State of New York, Case No. 09-CIV-10601.

I acknowledge receipt of Sparks's revised anti-discrimination, anti-harassment, and anti-retaliation policy. I have read and understand the entire policy.

I am aware that the case has resolved and as part of the Consent Decree I agree to the following:

1.  I will not harass or discriminate against any individual because of his or her sex and will not retaliate against any person who exercises his or her rights under federal anti-discrimination laws;

2.  I will attend 3 hours of one-on-one remedial anti-harassment, anti-discrimination, and anti-retaliation training to be provided by an independent contractor;

3.  I will abide by the revised anti-discrimination, anti-harassment, and anti-retaliation policies of Sparks Steakhouse, which I have read in their entirety and fully understand.

I understand that this constitutes a warning regarding complaints of sexual harassment, discrimination, and retaliation. I am aware that Sparks Steakhouse maintains a workplace free from harassment, discrimination, and retaliation based on race, sex, religion, age, national origin, color, or disability, and that any additional complaint(s) from Sparks employees against me involving any violation of Sparks anti-harassment, anti-discrimination, or anti-retaliation policies will result in disciplinary action against me which may include my termination from Sparks Steakhouse.

Signed,

_____     _____
Skender Cungu                        Date

23

**EXHIBIT G**

**[FILED UNDER SEAL]**